IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEVIN OMAR HARPER,

      Plaintiff,

 v.

WARDEN G. BOUGHTON, JOHN DOE
PRISON MEDICAL PROVIDER, MR. BUSSIE,
GEORGE G. REICHERT, NURSE FRANK,
JANE DOE NURSE, NURSE SCHULTZ,
NURSE GARDENER, NURSE GIBBONS,
BUCHANAN, LUCAS WEBER, ANTHONY REED,  OPINION and ORDER
CAPT. SCHULTZ, CAPT. JUDD, CAPT. BOODRY,
L.T. GERRY, L.T. OLSON, SGT. SCHNEIDER,   19-cv-723-jdp
SGT. THOME-HOUGH, C.O. WOODRUFF,
C.O. BARRY, C.O ANDERSON, C.O. WILLIAMS,
C.O. WINWOOD, C.O. LLOYD, C.O. NGUYEN,
C.O. KLEMM, C.O. BORTZ, C.O. AWITI,
C.O. GELLER, C.O. ENGERBRETSON, C.O. PETTY,
C.O. MARK N. DANZ, C.O. GANDER, C.O. MOORE,
C.O. FISCHER, and JOHN DOES CORRECTIONAL
OFFICERS,

      Defendants.

---

  Pro se plaintiff Kevin Omar Harper filed this civil action under 42 U.S.C. § 1983 against more than 30 defendants who work at Wisconsin Secure Program Facility, where Harper is incarcerated. Harper contends that defendants violated his constitutional rights in various ways. Harper's complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether his complaint should be dismissed as frivolous, malicious, for failure to state a claim upon which relief may be granted, or because Harper seeks monetary relief from a defendant who is immune from such relief.

  I cannot conduct the required screening because Harper's complaint violates Rule 20 of the Federal Rules of Civil Procedure. Rule 20 prohibits litigants from bringing unrelated claims

against different defendants in a single action. As discussed below, Harper's complaint contains allegations that belong in eight separate lawsuits. I will give Harper an opportunity to choose which claims he wishes to pursue in this case, which claims he wants to pursue in a different case, or which claims he wishes to dismiss without prejudice to refiling at a later date.

ANALYSIS

Under Rule 20 of the Federal Rules of Civil Procedure, a lawsuit may be severed when it includes unrelated claims against different defendants. Fed. R. Civ. P. 20; *Lee v. Cook Cty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011); *Aiello v. Kingston*, 947 F.2d 834, 835 (7th Cir. 1991); *Goodvine v. Meisner*, 608 F. App'x 415, 417 (7th Cir. 2015). And even when the claims are related, the court has authority under Rule 21 and its inherent authority to sever a lawsuit when it would be unwieldy to allow a plaintiff to bring multiple claims against many different defendants in a single case. *Lee*, 635 F.3d at 971 (7th Cir. 2011) (court may sever claims under Fed. R. Civ. P. 21 when differences between the claims predominate over common questions); *In re High Fructose Corn Syrup Antitrust Litigation*, 361 F.3d 439, 441 (7th Cir. 2004) (court has inherent authority to sever claims in interest of justice even when standard under Rule 21 is not satisfied).

Harper's complaint names more than 30 individuals and several John and Jane Doe prison staff members as defendants. He alleges that prison staff denied him access to asthma medication on several occasions, that staff used excessive force against him, that staff retaliated against him, and that he was punished for complaining about sexual mistreatment. His allegations relate to different incidents and involve different staff members. Even Harper's numerous allegations and claims relating to his access to asthma medication arise from distinct

incidents that occurred at different times and involved different primary decisionmakers. Therefore, I conclude that Harper's allegations should be severed into eight lawsuits under Rule 20, Rule 21, and the court's inherent authority. *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018) ("[The federal] rules are broad, giving district courts considerable flexibility in managing and structuring civil litigation for fair and efficient resolution of complex disputes."). Those lawsuits are:

1. On November 28 and 29, 2018, Harper was denied access to his inhaler and nebulizer due to segregation policies enforced by defendants Warden Boughton and Unit Manager Bussie. He had an asthma attack and defendants John Doe correctional officers denied him access to his inhaler. Defendants Lt. Gerry and John Doe correctional officers then deployed pepper spray into a nearby cell despite knowing about Harper's asthma. Gerry and John Does refused Harper's requests for medical treatment, and John Does denied Harper fresh clothing and a shower.

2. On December 2 and 17, 2018, defendants Woodruff, Schneider, Thome-Hough, and John Doe correctional officers failed to provide Harper assistance during an asthma attack.

3. From December 20 to 26, 2018, after Harper was released from segregation, he was denied his nebulizer. Defendants Awiti, Engerbretson, Geller, and John Doe correctional officers refused to help him, and Nurse Frank failed to provide him adequate medical treatment.

4. On November 5, 2018, defendants Captain Schultz and Jane Doe Nurse forced Harper to get a flu shot, which caused him to get sick.

5. In March 2019, defendants Petty and Danz, correctional officers, and Nurses Gardener and Schultz forced Harper to give up his nebulizer for an unneeded repair. Harper later suffered an asthma attack, and Schultz, Petty, and Danz refused to help him. Harper was injured during his asthma attack, and defendant Nurse Gibbons refused to treat his injuries.

6. In March 2019, defendant Gander, a correctional officer, forced Harper to work even though Harper told him he was suffering from vertigo. While at work, Harper told Awiti, another correctional officer, that he was suffering from vertigo and needed to go to health services. Awiti refused to let Harper go even though Harper kept falling.

7. On April 25, 2019, Harper had an asthma attack while in the library and defendant Moore, a correctional officer, refused to get him medical attention. Moore later gave Harper a conduct report for seeking medical attention on his own. Moore told Harper that he issued the conduct report because of Harper's race.

8. On May 22, 2019, defendant Anthony Reed, a corrections food service leader, told Harper to show his private parts to him or he would fire Harper from his kitchen job. Harper refused and reported the incident to defendant Fischer, a correctional officer, who told Harper to go back to his housing unit and "cool off." Harper later wrote a complaint about the incident, and defendant Captain Judd issued Harper a conduct report in retaliation. Harper was placed in segregation and fired from his kitchen job.

Under *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), I may apply Harper's filing fee to only one of the eight lawsuits I have identified above. Harper will have to choose which lawsuit that is. That lawsuit will be the only lawsuit assigned to this case number. As for the other lawsuits, Harper must make a choice. One option for Harper is to pursue the other lawsuits separately. If Harper chooses this option, he will be required to pay a separate filing fee for each lawsuit he chooses to pursue. In addition, he may receive a "strike" under 28 U.S.C. § 1915(g) for any lawsuit that is dismissed for failure to state a claim upon which relief may be granted or for one of the other reasons listed in § 1915(g). As Harper may be aware, once a prisoner receives three strikes, he is not able to proceed in new cases without first paying the full filing fee except in narrow circumstances. 28 U.S.C. § 1915(g).

Alternatively, Harper may choose to dismiss his other lawsuits voluntarily. If he chooses that route, he will not owe an additional filing fee or face a strike for the lawsuits he dismisses. Any lawsuit dismissed voluntarily would be dismissed without prejudice, which means that Harper would be able to bring it at another time, so long as he files it before the statute of limitations has run.

Because it is not clear at this time which of Harper's eight lawsuits he will pursue, I have

4

not assessed the merits of the claims raised in any of the lawsuits identified above or determined whether Harper has provided fair notice of his claims, as required by Rule 8 of the Federal Rules of Civil Procedure. Once Harper identifies the suit or suits he wants to continue to litigate, I will screen the complaint as required under 28 U.S.C. § 1915A. Because Harper faces filing fees and potential strikes for each lawsuit he pursues, he should consider carefully the merits and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

If Harper disagrees with the way I have grouped his claims or if he believes I have left out claims he intended to assert or included claims he did not intend to assert, he may raise those objections, but he must still comply with this order and choose which of the two lawsuits he wishes to pursue. If he fails to do so, I will dismiss all of his claims for his failure to prosecute them.

ORDER

IT IS ORDERED that:

1. Plaintiff Kevin Omar Harper may have until December 31, 2019 to identify for the court which numbered lawsuit identified above (lawsuits 1–8) he wishes to proceed with under the case number assigned to this case. Harper must pick one and only one of these lawsuits to proceed under case no. 19-cv-723-jdp.

2. Also by December 31, Harper is to tell the court whether he wishes to pursue his other lawsuits under separate case numbers, or whether he will dismiss them voluntarily.

3. If Harper chooses to dismiss his other lawsuits voluntarily, he will not owe a filing fee and he will be permitted to refile the dismissed claims later, so long as he complies with the statute of limitations.

4. If Harper chooses to pursue his other lawsuits under separate case numbers, he will owe a separate filing fee.

5. Once Harper chooses which lawsuits he wants to pursue, I will screen the claims to determine whether they state a claim upon which relief may be granted. If Harper fails to respond to this order by December 31, I will enter an order dismissing his claims without prejudice for his failure to prosecute them.

Entered December 16, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge