IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEVIN OMAR HARPER,

              Plaintiff,

v.

WARDEN G. BOUGHTON, MR. BUSSIE,
GEORGE G. REICHERT, BUCHANAN,
LUCAS WEBER, CAPT. BOODRY, L.T. GERRY,
L.T. OLSON, SGT. SCHNEIDER, SGT. THOME-
HOUGH, C.O. WOODRUFF, C.O. BARRY,
C.O ANDERSON, C.O. WILLIAMS,
C.O. WINWOOD, SGT. LLOYD, SGT. NGUYEN,
C.O. BORTZ, and JOHN DOES CORRECTIONAL
OFFICERS,

              Defendants.

OPINION and ORDER

19-cv-723-jdp

---

      Pro se plaintiff and prisoner Kevin Omar Harper is proceeding on claims that prison staff at Columbia Correctional Institution disregarded his serious asthma condition, failed to provide him medical treatment for his asthma, and used excessive force against him. Before the court is Harper's motion for leave to amend his complaint, Dkt. 28, and his motion for injunctive relief, Dkt. 29.

      Harper seeks to amend his complaint to add an Eighth Amendment claim against Warden Sue Novak. He alleges that Novak enforced a policy that prohibited security staff from providing him with asthma medication or medical assistance. Harper's allegations against Novak are similar to those he made against the other supervisory defendants in this case: Unit Manager Bussie, Warden Gary Boughton, Security Director Lucus Weber, and Health Services Manager Buchanan. As explained in the screening order, Dkt. 13 at 4, Harper's allegations that these officials enforced policies that prohibited inmates from having nebulizers or inhalers in

their cells in the segregation unit, despite knowing that prisoners such as Harper would be harmed by such policies, are sufficient to state an Eighth Amendment claim. Therefore, I will grant him leave to amend his complaint to add a similar claim against Novak.

Harper also seeks to add state law claims. He says that he wants to add claims for negligence, breach of duty, medical malpractice, and intentional infliction of emotional distress. I will grant Harper's request to add a medical malpractice claim against defendant Nurse Reichert. To state a claim for medical malpractice under Wisconsin law, a plaintiff must allege that the medical provider breached his or her duty of care and that the plaintiff suffered injury as a result. *Paul v. Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 520, 625 N.W.2d 860, 865. Harper's allegations that Reichert failed to provide adequate treatment for Harper's asthma attack and head injury are sufficient to state a claim under this standard.

But I will deny Harper's request to add additional state law claims, because Harper does not say that he has complied with Wis. Stat. § 893.82. That statute requires plaintiffs to file a notice of claim with the Wisconsin attorney general before bringing state-law claims other than medical-malpractice claims against state employees. The notice must comply with specific requirements set forth in § 893.82. If Harper filed a proper notice of claim, he should notify the court and I will consider his additional state law claims.

Harper also has filed a motion asking that the court order that he be released in light of the Covid-19 pandemic. Dkt. 29. He alleges that Wisconsin Secure Program Facility, where he is incarcerated currently, has not enacted adequate safety measures to prevent the spread of Covid-19, and that he has underlying health conditions that would make contracting the virus particularly dangerous for him. I will deny Harper's motion for two reasons. First, Harper's concerns about whether his conditions of confinement at WSPF will protect him from

2

contracting Covid-19 are not related to the claims in this lawsuit. This lawsuit concerns treatment for Harper's asthma at Columbia Correctional Institution. If Harper thinks that his current conditions of confinement violate the constitution, he must file a new lawsuit challenging those conditions. Second, even if Harper proved that the current conditions at WSPF are unconstitutional, this court would not order that Harper be released. In this circuit, release is not an available remedy for an Eighth Amendment violation. *See Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005) ("If an inmate established that his medical treatment amounts to cruel and unusual punishment, the appropriate remedy would be to call for proper treatment, or to award him damages; release from custody is not an option.").

ORDER

IT IS ORDERED that:

1. Plaintiff Kevin Omar Harper's motion to amend his complaint, Dkt. 28, is GRANTED IN PART and DENIED IN PART. Harper is GRANTED leave to proceed on an Eighth Amendment claim against Sue Novak and a medical malpractice claim against George Reichert, as set forth above. Harper is DENIED leave to proceed on any additional state law claims.

2. Harper's motion for immediate release, Dkt. 29, is DENIED.

Entered June 1, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge