IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEVIN OMAR HARPER,

                Plaintiff,

  v.

GARY BOUGHTON, JONATHAN BUSSIE,
GEORGE G. REICHERT, LUCINDA BUCHANAN,
LUCAS WEBER, KEVIN BOODRY, BRYAN GERRY,      OPINION and ORDER
CHRISTOPHER OLSON, RANDY SCHNEIDER,
JORDAN THOME-HOUGH, TARA WOODRUFF,            19-cv-723-jdp
GARRETT BARRY, SHARDA ANDERSON,
BRITTANY WILLIAMS, RYAN WINWOOD,
SHAYNE LLOYD, JEFFREY NGUYEN, TRAVIS
KLEMM, CHRISTOPHER BORTZ, SUSAN NOVAK,
and JOHN DOES CORRECTIONAL OFFICERS,

                Defendants.

---

Pro se plaintiff and prisoner Kevin Omar Harper is proceeding on claims that prison staff at Columbia Correctional Institution disregarded his serious asthma condition, failed to provide him medical treatment for his asthma, and used excessive force against him. Before the court is Harper's motion for leave to amend his complaint to add assistant health services manager Angela Dodge as a defendant and to add state law claims against all defendants. Dkt. 32. Harper states that he satisfied the state's notice of claim requirements in Wis. Stat. § 893.82 before filing his lawsuit. Defendants have responded stating that they do not oppose Harper's motion to amend. Dkt. 33.

I will grant Harper's motion. His allegations against Dodge are similar to those he made against the other supervisory defendants in this case. Harper's allegations that these officials enforced policies that prohibited inmates from having nebulizers or inhalers in their cells in the segregation unit, despite knowing that prisoners such as Harper would be harmed by such

policies, are sufficient to state an Eighth Amendment claim. Therefore, I will grant him leave to amend his complaint to add a similar claim against Dodge.

As for his state law claims, Harper seeks to add claims of negligence, breach of duty, malpractice, and intentional infliction of emotional distress. His negligence, breach of duty, and malpractice claims require him to allege that that the defendant breached his or her duty of care and that the plaintiff suffered injury as a result. *Paul v. Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 520, 625 N.W.2d 860, 865. To state a claim for intentional infliction of emotional distress, Harper must allege: (1) that the defendant's conduct was intended to cause emotional distress; (2) that the defendant's conduct was extreme and outrageous; (3) that the defendant's conduct was a cause-in-fact of the plaintiff's emotional distress; and (4) that the plaintiff suffered an extreme disabling emotional response to the defendant's conduct. *Rabideau v. City of Racine*, 2001 WI 57, ¶ 33, 243 Wis. 2d 486, 627 N.W.2d 795. Defendants do not oppose Harper adding common law claims of negligence, breach of duty, medical malpractice, and intentional infliction of emotional distress, and I conclude that Harper's allegations are sufficient to state these common law claims against each of the defendants against whom Harper is already proceeding with constitutional claims. He alleges that each defendant was responsible for subjecting him to injuries that caused him severe pain and emotional distress, that their actions fell below their duty of care, and that the defendants knew that their actions could cause that harm. Therefore, Harper may proceed against defendants on these state law claims.

ORDER

IT IS ORDERED that plaintiff Kevin Omar Harper's motion to amend his complaint,

Dkt. **32**, is GRANTED. Harper is GRANTED leave to proceed on an Eighth Amendment claim against Angela Dodge, as set forth above. Harper is also GRANTED leave to proceed on negligence, breach of duty, malpractice, and intentional infliction of emotional distress claims against all defendants.

Entered July 23, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge