IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEVIN OMAR HARPER,

                  Plaintiff,

    v.

GARY BOUGHTON, JONATHAN BUSSIE,
GEORGE G. REICHERT, LUCINDA BUCHANAN,
LUCAS WEBER, KEVIN BOODRY, BRYAN GERRY,
CHRISTOPHER OLSON, RANDY SCHNEIDER,
JORDAN THOME-HOUGH, GARRETT BARRY,
SHARDA ANDERSON, BRITTANY WILLIAMS,
RYAN WINWOOD, SHAYNE LLOYD, JEFFREY
NGUYEN, TRAVIS KLEMM, CHRISTOPHER
BORTZ, SUSAN NOVAK,
ANGELA DODGE, BRANDON KLEIST, JARRETT
TIERNEY, BENJAMIN MANDERS, ANDREW
JEZUIT, JAMES MOORE, CHONG XIONG,
ELIZABETH EASTON, KELLY KUTINA, ANDREW
WIERSMA, CHRISTOPHER TERSTRIEP, JOSHUA
BENDER, JASON RHODE, and DANIEL BOSWELL,

                  Defendants.

ORDER

19-cv-723-jdp

---

Pro se plaintiff and prisoner Kevin Omar Harper is proceeding on claims that prison staff at Columbia Correctional Institution disregarded his serious asthma condition, failed to provide him medical treatment for his asthma, and used excessive force against him. I have denied three previous requests from Harper that the court recruit counsel to represent him in this case. Harper has now filed a motion for reconsideration of the orders denying him assistance in recruiting counsel. Dkt. 67. He states that he is still unable to obtain the supplies that he needs to litigate this case. In the alternative, Harper asks that the court issue an order requiring prison staff to provide Harper with the supplies that he needs.

In his previous motions, Harper said that he needs counsel because he has limited

education and limited access to legal materials, and because he is concerned about proving his medical claims against so many defendants. He also stated that he has only occasional access to a rubber pencil, but that the pencil is difficult to write with and hurts his hand. I instructed Harper to submit an information request to the litigation coordinator at GBCI to request the materials he needs to litigate this case. I also told Harper that if he could not obtain what he needed, he could file a motion with the court explaining (1) what items he has been provided; (2) what items he thinks he needs; (3) why he thinks he needs those items; (4) what steps he has taken to request those items from prison staff; and (5) what explanation, if any, he was given as to why he is being denied the items.

In his most recent motion, Harper repeats his statement that his rubber pencil is difficult to write with and causes him severe hand pain. He states that the pencil is sharpened only once per week, despite defendants' assertions that he can request that it be sharpened up to four times a day.  He states that he has almost no access to the law library because he is housed in segregation and because of Covid-19 restrictions.  And he states that prison staff has failed to deliver all of his legal documents to him. In response, defendants assert that Harper can request that his rubber pencil be sharpened up to four times a day, that Harper can request a crayon to write with, that he has received all of his legal materials, and that he has had several opportunities to use the law library.

I am not persuaded that Harper's situation warrants the recruitment of counsel. For reasons explained in my previous orders, I am not persuaded that the legal or factual difficulty of this case, or any other factors, make Harper unable to prosecute the case. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (court must determine whether complexity of case exceeds plaintiff's ability to prosecute it). Harper's case is more complex than some of the cases brought

by pro se litigants in this court, but much of the complexity is due to Harper's own litigation decisions. Harper chose to sue more than 25 defendants in this case, and he has amended his complaint on multiple occasions to add new defendants and claims. Now Harper must attempt to prove his claims against all of those defendants. All litigants, including those who are represented by counsel, have to make strategic decisions during litigation based on their resources and the relative strength and importance of their claims. The fact that Harper has complicated and expanded his case by bringing claims against so many individuals is not sufficient reason to recruit counsel for him.

That being said, I am concerned about Harper's ability to litigate this case with access to only one rubber pencil which, according to Harper, is sharpened only once per week and causes him severe hand pain. Defendants do not address Harper's assertion that his requests for a dark crayon have been unsuccessful or that correctional officers refuse his requests to have his pencil sharpened. Defendants also do not address Harper's evidence showing that the health services unit has provided him pain medication and ice for the pain in his hand caused by writing with the dull rubber pencil. Accordingly, I will require that defendants arrange for Harper to receive a dark crayon or, in the alternative, to make arrangements with prison staff to ensure that Harper's pencil is sharpened at least twice a day. But I will not grant Harper's request for a pen or a pen insert. Defendants have explained that pen inserts are not provided to inmates in segregation for security reasons, and the court generally defers to the prison on matters of prison security. In addition, if Harper needs more time to draft his documents due to the limitations of his writing utensils, he may request additional time from the court.

I cannot provide relief on Harper's request that he be given all of his legal paperwork, because his request is too vague. Harper has not identified specifically what he is missing, where

he believes the documents are, or whether he has requested access to the specific documents. If Harper believes that prison staff is withholding specific documents, he should contact the prison's litigation coordinator with a list of those documents. If Harper believes that the litigation coordinator's response is inadequate, he may then request additional assistance from the court.

I also decline to order any specific relief on Harper's request for additional time in the law library. In light of the Covid-19 pandemic, prison staff has acted reasonably in limiting law library access. Defendants submitted evidence that Harper has had some access to the law library, and that he can continue to request access as long as this case is pending. Defendants' response is sufficient at this stage. I have already explained to Harper the legal standards that apply to his claims. Dkt. 13; Dkt. 31; Dkt. 34. At this stage, Harper should focus on gathering the evidence he needs to prove his claims against the various defendants. He should not need to conduct extensive legal research in the law library to do so. Harper should instead review the pretrial conference order, Dkt. 52, for instructions about obtaining discovery from defendants.

Finally, Harper submitted a supplemental brief in support of his motion, stating that he has been denied a legal loan for the year 2021. Dkt. 71. Harper submitted documentation showing that his application for a legal loan was denied with a note stating that he was asked to submit documentation supporting his request. Dkt. 71-1. Harper does not ask for any specific relief from the court related to his legal loan request, and the court will not grant any relief. Harper has not provided evidence showing whether he provided the necessary documentation to receive a legal loan or whether he will run out of the supplies he needs to litigate unless he is granted another legal loan. Harper has been able to contact the court

frequently in both of his open cases, so it does not appear that he lacks resources to litigate at this time. Going forward, Harper should consider how to use his supplies most efficiently.

ORDER

IT IS ORDERED that plaintiff Kevin Omar Harper's motions for reconsideration or court intervention, Dkt. 67 and Dkt. 71, are GRANTED IN PART and DENIED IN PART. Harper's request for access to a dark crayon or rubber pencil that is sharpened at least twice a day is GRANTED. By April 23, 2021, defendants shall arrange for Harper to have access to a dark crayon or a rubber pencil that is sharpened at least twice a day. Harper's motions are DENIED in all other respects.

Entered April 20, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge